**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| ANTHONY WILLIAMS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CAUSE NO. 1:04-CV-414 TLS |
| ED BUSS, | ) ) ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Petitioner Anthony Williams, a state prisoner confined at the Westville Correctional Facility, filed this *pro se* petition, pursuant to 28 U.S.C. § 2254, seeking the restoration of good time credits he lost as the result of a prison disciplinary action. The parties' submissions establish that prison officials charged the petitioner with attempting to engage in trafficking. He pled not guilty but the Conduct Adjustment Board (CAB) found him guilty and imposed a loss of 180 days of earned credit time, demoted him from credit class I to credit class II, and imposed restrictions. Mr. Williams appealed this determination but the reviewing authority affirmed the CAB's finding of guilt.

Prison officials discovered Mr. Williams's attempt to traffic when they read a letter from Mr. Williams to Larry Nester, a person outside the prison. In this letter, Mr. Williams wrote detailed information about how Nester could smuggle items to Mr. Williams in the visiting room and told him to bring money and marijuana, which would violate state law and Indiana Department of Correction (IDOC) policy. According to the report of investigation, Mr. Williams admitted to the facility investigator that he wrote the letter and mailed it to Nestor. At the hearing, Mr. Williams did not deny that he wrote the intercepted letter to Nester; his defense was that he "was just talking." (Resp't Ex. E, Report of Disciplinary Hearing).

In Ground one of his habeas petition, Mr. Williams asserts that his "mail was opened and it was read without grounds or proper circumstances." (Pet. 6.) In Ground two, he asserts that his

"mail was delayed, censored, and copied and withheld without state form 11984, Notice and report of action taken on correspondence." (Pet. 6.) Mr. Williams cites Indiana statutes and an IDOC policy that suggests limitations on when prison officials may read inmates' correspondence. But claims that prison officials violated state law or departmental policy in depriving prisoners of earned credit time are not cognizable in § 2254 actions. Relief in this action is only available from violation of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). State law questions state no claim for habeas relief. *Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995); *Hester v. McBride*, 966 F. Supp. 765 (N.D. Ind. 1997).

That prison officials searched and read mail Mr. Williams sent to Nester does not violate his federally protected rights. While there are strict limitations on how prison officials may handle legal correspondence or other privileged correspondence, *Wolff v. McDonnell*, 418 U.S. 539 (1974); *McChristion v. Duckworth*, 610 F. Supp. 791 (N.D. Ind. 1983), nonprivileged incoming or outgoing mail may be opened, read, and censored consistent with the need for prison security. *See Martin v. Tyson*, 845 F.2d 1451, 1456–57 (7th Cir. 1988); *Gaines v. Lane*, 790 F.2d 1299, 1304–05 (7th Cir. 1986). Preventing inmates from trafficking in cash or drugs is a legitimate security interest.

In Ground three of his petition, Mr. Williams asserts that prison officials would not allow him to see all of the evidence against him, hampering his efforts to present a defense. The respondent concedes that facility officials declined to allow Mr. Williams to review materials in his confidential packet and submits those materials under seal.

As the loss of good time credit is a liberty interest protected by the Fourteenth Amendment to the Constitution, it requires certain procedural steps as stated in *Wolff v. McDonnell*, 418 U.S. 539 (1974). Due process requires that Bridges be given: (1) advance written notice of the charges against him at least twenty-four hours before the hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons

for the disciplinary action. *Henderson v. U.S. Parole Comm'n*, 13 F.3d 1073 (7th Cir. 1994) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-567 (1974)).

For the hearing to be meaningful, the prisoner should be afforded an opportunity to be heard before an impartial decision maker, *id.*, and the decision must be supported by "some evidence" in the record. *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985). The so-called "some evidence" standard applies in this Circuit, as reflected in *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

This is a lenient standard, requiring no more than "a modicum of evidence." *Webb*, 224 F.3d at 652. Even evidence that can be characterized as meager is sufficient to support the revocation of good-time credits so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* (citing *Hill*, 472 U.S. at 457). "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* (citing *Hill*, 472 U.S. at 455–56).

An inmate has no absolute right to review all the evidence against him, and his right to present evidence is not absolute either: prison officials may place restrictions consistent with institutional safety and security. The Conduct Report described the charges against Mr. Williams with specificity, and he admitted to the investigator that he wrote the letter to Nester—so he was aware of the evidence against him even if he no longer had physical access to the letter. Mr. Williams has no right to know specific details contained in the confidential file, such as how and why his letter to Nester came to prison officials' attention. The confidential file contains no exculpatory material.

Mr. Williams received the procedural protections guaranteed in *Wolff v. McDonnell*, and the letter to Nester, as well as Mr. Williams's admission that he wrote that letter, provide adequate

3

evidence to support the decision of the prison disciplinary board. Accordingly, the court **DENIES** this petition.

SO ORDERED on June 1, 2006.

                                                        S/ Theresa L. Springmann
                                        THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT